```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**CHRISTOPHER M. BOX,**

                        **Petitioner,**

            **v.**                          **CASE NO. 05-3317-RDR**

**USDB COMMANDANT HARRISON,**

                        **Respondent.**

**O R D E R**

Before the court is a petition for writ of habeas corpus under 28 U.S.C. 2241, filed pro se by a prisoner incarcerated in the United States Disciplinary Barracks in Fort Leavenworth, Kansas. Petitioner alleges error in his general court-martial conviction on charges of involuntary manslaughter, aggravated assault, and battery consummated by a battery.

Seventeen grounds are presented in the petition, however, petitioner provides a factual background for only his first two claims. Bare claims lacking any factual support in the petition are subject to being summarily dismissed. *See e.g.*, <u>Boutwell v. Keating</u>, 399 F.3d 1203, 1211 (10th Cir. 2005)(upholding dismissal of habeas petition where petitioner failed to alleged facts stating a constitutional violation)(*citing* <u>Davis v. Franzen</u>, 671 F.2d 1056, 1057 (7th Cir. 1982)).

Additionally, an examination of petitioner's listing of the claims he raised to the U.S. Air Force Court of Criminal Appeals and to the Court of Criminal Appeals for the Armed Forces suggests that petitioner failed to present many of the claims in

the instant application to the military courts for review. A military prisoner is required to exhaust available remedies on all claims raised in a habeas petition in federal court. <u>Schlesinger v. Councilman</u>, 420 U.S. 738 (1975). An issue not raised before the military courts is deemed waived and is not open for federal habeas review absent a showing by petitioner of cause and actual prejudice. *See* <u>Roberts v. Callahan</u>, 321 F.3d 994, 995 (10th Cir.), *cert. denied* 540 U.S. 973 (2003); <u>Watson v. McCotter</u>, 782 F.2d 143, 145 (10th Cir.), *cert. denied*, 476 U.S. 1184 (1986).

The court thus finds it appropriate to grant petitioner the opportunity to amend and/or supplement the petition to reflect petitioner's full exhaustion of military remedies on all claims presented for federal habeas review in the amended or supplemented petition, and to provide sufficient background information on any such claim.

IT IS THEREFORE ORDERED that petitioner is granted thirty (30) days to amend or supplement the petition to provide additional information on the bare claims in the original petition and to show petitioner's exhaustion of military remedies.

DATED: This 29th day of July 2005, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge