IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CHRISTOPHER M. BOX,

                              Petitioner,

            v.                              CASE NO. 05-3317-RDR

USDB COMMANDANT HARRISON,

                              Respondent.


MEMORANDUM AND ORDER

        Petitioner, a prisoner incarcerated in the United States
Disciplinary Barracks in Ft. Leavenworth, Kansas, proceeds pro se on
a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Having
reviewed the record which includes respondent's answer and return
and motion to dismiss, and petitioner's responses thereto, the court
finds this matter is ready for decision.

                        *BACKGROUND AND CLAIMS*

        In a 1998 general court-martial, a jury found petitioner guilty
of involuntary manslaughter of his infant son through culpable
negligence by smothering him,[1] aggravated assault of his infant son
on separate occasions by intentionally inflicting grievous bodily
harm by striking and squeezing his son's chest and by striking or
yanking his son's right leg,[2] and assault and battery of his wife by

------

[1]The jury found petitioner not guilty on the more serious
charge of murdering his infant son by smothering him.

[2]The jury found petitioner not guilty of assaulting his son by
pressing or squeezing his hand against his son's stomach and abdomen
with force likely to cause death or grievous bodily harm.

striking her leg with his fist.[3]  The sentence imposed included a dishonorable discharge, fifteen years of confinements, forfeiture of all pay and allowances, and a reduction in rank.  The convening authority approved this sentence.

The United States Air Force Court of Criminal Appeals (AFCCA) considered and rejected petitioner's claims that the military judge erred in denying a defense challenge for cause, that the evidence was legally and factually insufficient to support the convictions, and that petitioner's sentence was inappropriately severe.[4]  United States v. Box, 2001 WL 205970 (A.F.Ct.Crim.App. February 27, 2001).[5] Over Judge Sullivan's written dissent, the United States Court of Appeals for the Armed Forces (CAAF) summarily denied further review. United States v. Box, 57 M.J. 103 (June 11, 2002).

In the present action, the petition sets forth seventeen

---

[3]The jury found petitioner not guilty on the specification that petitioner had unlawfully pushed his wife down and choked her with his hands.

[4]Petitioner's appeal to the AFCCA stated four issues.  The first two issues challenged the factual and legal sufficiency of the evidence supporting his convictions.  The third issue alleged an abuse of discretion by the trial judge in denying petitioner's challenge of Colonel Lancaster for implied bias.  The fourth issue claimed petitioner's sentence was inappropriately severe.

[5]In April 2001, petitioner sought reconsideration to consider a claim that petitioner was entitled to 280 days of credit on his sentence because he was subjected to illegal pretrial confinement, a claim petitioner contends was not presented through the alleged ineffectiveness of his appellate defense counsel.  Petitioner also claimed appellate counsel was ineffective in failing to assert and argue this pretrial confinement claim, and in failing to properly communicate with petitioner and keep him informed regarding the status of his appeal.  Government counsel did not oppose reconsideration of petitioner's appeal to consider this claim of illegal pretrial confinement, but asserted there was no merit to petitioner's claim.  The AFCCA denied petitioner's motion for reconsideration.

grounds for habeas corpus review.  Petitioner claims:  (1) the bias and military rank influence of the Group Commander serving as president of the jury denied petitioner an impartial jury; (2) the AFCCA denied petitioner full and fair appellate review of his claims; (3) insufficient competent, direct, or legal evidence supports his convictions; (4) petitioner was denied the right to testify on his own behalf; (5) petitioner was denied the right of effective conflict-free counsel at trial; (6) the jury selection process denied petitioner a fair and impartial jury; (7) the military court erred in admitting evidence and testimony by an unqualified expert; (8) the military judge lacked jurisdiction because he was not qualified or sworn in; (9) the military judge should have given the jury a warning instruction regarding the emotional influence on witness credibility; (10) the failure to provide the defense an expert witness denied petitioner a fair trial and full and fair appellate review;  (11) the charge sheet and findings work sheet were ambiguous and prejudicial; (12) the admission of non-expert witness testimony concerning petitioner's behavior denied petitioner a fair trial; (13) cumulative error resulted in a "wrongful verdict" under the totality of the circumstances;  (14) the failure to conduct a meaningful proportionality review resulted in an unlawful sentence being imposed; (15) the denial of Article 60 rights "result[ed] in matters not being presented and considered by the convening authority and made part of the record;" (16) vague time and date information in the accusations denied petitioner the ability to present an alibi defense; and (17) the military judge gave the jury misleading and

3

improper instructions.

*STANDARD OF REVIEW*

It is well settled that a federal court has limited authority to review court-martial proceedings. The scope of review is initially limited to determining whether the claims raised by the petitioner were given full and fair consideration by the military courts. <u>Lips v. Commandant, United States Disciplinary Barracks</u>, 997 F.2d 808 (10th Cir. 1993), *cert. denied*, 510 U.S. 1091 (1994). If the issues have been given full and fair consideration in the military courts, the district court should not reach the merits and should deny the petition. <u>Id</u>.; <u>Burns v. Wilson</u>, 346 U.S. 137, 142 (1953). If an issue is brought before the military court and is disposed of, even summarily, the federal habeas court will find the issue has been given full and fair consideration. <u>Watson v. McCotter</u>, 782 F.2d 143, 145 (10th Cir.) *cert. denied*, 476 U.S. 1184 (1986); <u>Ingham v. Tillery</u>, 42 F.Supp.2d 1188 (D.Kan.), *aff'd*, 201 F.3d 448 (10th Cir. 1999)(unpublished opinion). "[I]t is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." <u>Burns</u>, 346 U.S. at 142.

It is also well-settled that federal civilian courts "will not entertain petitions by military prisoners unless all available military remedies have been exhausted." <u>Schlesinger v. Councilman</u>, 420 U.S. 738, 758 (1975). If an issue was not raised before the military courts, the issue is deemed waived and is not open for federal habeas review absent a showing by petitioner of cause and actual prejudice. <u>Roberts v. Callahan</u>, 321 F.3d 994, 995 (10th Cir.), *cert. denied*, 540 U.S. 973 (2003); <u>Watson</u>, 782 F.2d at 145.

4

*DISCUSSION*

Respondent asserts the petition should be dismissed because Grounds One through Three were fully and fairly considered by the military courts, and because petitioner failed to properly and fully exhaust military court remedies on his remaining claims. Having reviewed the record, the court agrees.

*Right to Impartial Jury*

In his first ground, petitioner claims Colonel Lancaster, who served as president of petitioner's court, was biased because Colonel Lancaster stated he had previously referred charges involving a member in his command to a court-martial and believed that member, who had been represented by the same defense counsel representing petitioner in the instant case, had "got off easy."

Petitioner challenged Colonel Lancaster for cause, asserting implied bias. The military judge denied the challenge, finding no indication of bias in Colonel Lancaster's responses to defense counsel's questions. Petitioner raised this issue in his appeal. The AFCCA stated and applied the standards for finding actual or implied bias in support of a causal challenge, and found no abuse of discretion by the trial court in denying petitioner's challenge. The CAAF denied further review.

Petitioner argues the evidence was insufficient to establish implied bias on the part of Colonel Lancaster. However, habeas jurisdiction does not extend to a reassessment of facts and issues that were fully and fairly considered by the military court. Khan v. Hart, 943 F.2d 1261, 1263 (10th Cir. 1991)(*citing* Burns, 346 U.S. at 142). The record plainly demonstrates that the military courts

5

considered and rejected petitioner's claim, and petitioner fails to show that the military courts' review and resolution of this claim was "legally inadequate." *See* <u>Watson</u>, 782 F.2d at 144 (petitioner bears burden of showing military review was "legally inadequate" to resolve his claims; absent such a showing, a federal court cannot reach merits of claims)(*citing* <u>Burns</u>, 346 U.S. at 146). Petitioner's request for de novo federal habeas review of this claim is rejected.  A district court may not review challenges to military courts-martial de novo unless the military courts have "manifestly refused to consider those claims".  <u>Burns</u>, 346 U.S. at 142.

In the present case, petitioner's allegations of bias and error regarding Colonel Lancaster serving on the jury were fully and fairly considered by the military courts.  Accordingly, no further inquiry by this court is appropriate.  <u>Lips</u>, 997 F.2d at 812 (district court not to make further inquiry of claims fully and fairly considered by the military courts).  The court thus finds petitioner is entitled to no relief on Ground One.

*Sufficiency of the Evidence*

In Grounds Two and Three, petitioner challenges the sufficiency of the evidence supporting his conviction, and claims the AFCCA failed to conduct an adequate and proper de novo review of the trial record to determine the factual and legal sufficiency of the evidence supporting petitioner's convictions and sentence.[6]

_____

[6]*See* Article 66(c), 10 U.S.C. § 866(c) which reads:
"[T]he Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority. It may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis

However, the AFCCA expressly found the evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational factfinder to find petitioner guilty of the offense beyond a reasonable doubt.   It also expressly found the evidence was convincing beyond a reasonable doubt that petitioner was guilty of assaulting his wife with his fist, killing his infant son by smothering him, and intentionally breaking his son's ribs and leg. These findings clearly address the legal and factual sufficiency of the evidence under the appropriate standard of review, and the record fully establishes that petitioner's second and third claims were fully and fairly considered by the military courts. Notwithstanding the concerns stated in Judge Sullivan's dissent to the CAAF's denial of further review in petitioner's case,[7] this

_____

of the entire record, should be approved. In considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses."

[7]Judge Sullivan's dissent reads:
"There were no eyewitnesses to the killing of the infant Collin or the infliction of rib injuries upon him weeks before his death.  The evidence in the record shows two persons had sufficient access to this baby to commit these crimes, appellant and his wife. Direct evidence of appellant's assault on his wife was provided by his wife, but circumstantial evidence alone was admitted showing he inflicted the prior injuries on Collin.  All this evidence was in turn used circumstantially to show his guilt of later killing this child.  Finally, the expert medical evidence established only that it was more probable than not that the baby was killed, rather than the baby died from Sudden Infant Death Syndrome.  In these circumstances, I would grant the petition to more particularly examine the legal sufficiency of the evidence to prove beyond a reasonable doubt appellant's guilt of involuntary manslaughter."   Summary Disposition of Appeals, 57 M.J. 103 (U.S. Armed Forces, July 11,

court's initial review is limited to whether the military courts fully and fairly considered and decided the claims petitioner presented in his appeal to the AFCCA and petition for review by the CAAF. Because such review was afforded petitioner on his second and third grounds, the court finds petitioner is entitled to no relief on these grounds.

*Waived Grounds*

The requirement that a prisoner exhaust available remedies on all claims raised in a habeas petition clearly applies to military prisoners. <u>Schlesinger v. Councilman</u>, 420 U.S. 738 (1975). Federal habeas review of unexhausted claims is available only if petitioner demonstrates both sufficient cause to excuse his procedural default in presenting these claims for military review, and actual prejudice resulting from the error. *See* <u>Lips</u>, 997 F.2d at 812; <u>Wolff v. United States</u>, 737 F.2d 877, 879-80 (10th Cir.), *cert. denied*, 469 U.S. 1076 (1984).

Rather than address his failure to present these claims to the military appellate courts, petitioner continues to argue the merits of his unexhausted claims. To any extent petitioner relies on AFCCA's broad de novo examination of the record as satisfying the exhaustion requirement on all claims raised in his petition, such reliance is misplaced. Although military courts of criminal appeals have the unique power to review issues of both fact and law on the

---

2002)(citations omitted), *reconsideration denied*, 57 M.J. 317 (August 13, 2002).

record before it,[8] if an issue is not raised and briefed or asserted by the defendant for appellate review,[9] or is not identified by such a court for consideration on the merits, then no exhaustion of military remedies on the issue has resulted. Additionally, petitioner failed to identify any of his unexhausted claims in his petition for CAAF review.[10]

Having carefully reviewed the record, the court finds federal habeas review of petitioner's remaining claims is barred by petitioner's failure to identify these claims for appellate review by the military courts, and failure to make any showing of cause and prejudice to excuse not presenting his claims for military review. *See* <u>Roberts</u>, 321 F.3d at 995(showing of cause and prejudice is only exception to rule that grounds not raised for military review are to be deemed waived).

CONCLUSION

The court thus finds petitioner is entitled to no relief on any of his claims.

---

[8]*See e.g.* <u>United States v. Givens</u>, 30 M.J. 294, 299 (C.M.A. 1990). *See also* David D. Jividen, WILL THE DIKE BURST? PLUGGING THE UNCONSTITUTIONAL HOLE IN ARTICLE 66(C), UCMJ, 38 A.F.L. Rev. 63 (1994)(examining Congressional grant of appellate fact-finding authority pursuant to Article 66(c)).

[9]*See generally* <u>United States v. Grostefon</u>, 12 M.J. 431, 436-377 (1982)(military review courts are required to consider all issues personally specified by the accused).

[10]Although petitioner challenged the severity of the sentence (Ground Fourteen) in his appeal to the AFCCA, he does not contest that he failed to include this issue in his petition for review to the CAAF, or that he failed to raise any of his remaining issues in his appeal to the AFCCA.

IT IS THEREFORE ORDERED that respondent's motion to dismiss is sustained, and that this action is dismissed and all relief is denied.

DATED:  This 1st day of September 2006, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge